**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DANTE A. JONES, #370-155                    *

Plaintiff                                              *

v                                                        *          Civil Action No. ELH-14-3078

WARDEN KATHLEEN S. GREEN.[1]        *
DARRYL K. WEBSTER
DUTY LT. JOHN DOE                            *
SGT. SWATOWSKI
                                                         *
Defendants

                          ***

## MEMORANDUM OPINION

The above-captioned civil rights complaint, seeking declaratory relief and money damages, was filed on September 29, 2014, by plaintiff Dante Jones, who is self-represented. ECF 1.  Jones appended several exhibits to his suit. *See* ECF 1-1.

Jones's motion requesting leave to proceed in forma pauperis (ECF 2) shall be granted. However, pursuant to 28 U.S.C. § 1915A, the complaint is subject to preliminary review. In a case such as this, where a prisoner is suing a governmental entity or employee, the court must dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A (a) & (b) (1).

Jones claims that defendants have interfered with his mail in order to deny adequate access to a prison grievance procedure he initiated in January of 2014.  Specifically, Jones claims that on January 9, 2014, while he was housed at Eastern Correctional Institution,[2] Officer Riddick, who is not a named defendant, allowed unauthorized prisoners access to Jones's

---

[1] The Clerk is directed to correct the spelling of the name of this defendant.

[2] Jones is now confined at Poplar Hill Pre-Release Unit.

housing area where they created noise while using impermissible electronics, including a playstation.  Jones also claims that on January 12, 2014, Riddick would not allow Jones to provide a fellow prisoner with administrative remedy appeal forms.  ECF 1-1 at 1, 3.  Jones completed Administrative Remedy Procedure ("ARP") forms complaining of Riddick's actions and submitted them for consideration by the Warden on January 12, 2014.  *Id.*  On February 12, 2014, having received no response, he contacted Major Benson, who determined that the ARP Coordinator, Lt. Ward, never received the ARPs.  ECF 1 at 3.  That same day, February 12, 2014, Jones filed an ARP appeal of these grievances to Headquarters, and also requested the Internal Investigation Unit ("IIU") investigate why his ARP was not received by Lt. Ward.  These missives were submitted by Jones for delivery via the United States mail.  *Id.*

Jones received no response, and on March 17, 2014, filed a formal grievance and request for a hearing with the Inmate Grievance Office ("IGO"), using the United States mail.  On May 28, 2014, the IGO denied his request.  ECF 1 at 4.  Jones states that he received no response to his June 26, 2014 request for investigation by the IIU, sent via mail, so on August 16, 2014, he resubmitted the request, complete with exhibits, using certified mail.  ECF 1 at 4; ECF 1-1 at 9-10.

According to Jones, his right to free speech under the First Amendment to the Constitution has been violated.  He also claims his rights to due process and equal protection were violated under federal and Maryland law.

**Standard of Review**

Under the provisions of 28 U.S.C. § 1915(e)(2), a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief."  Additionally, under 28 U.S.C. §1915A, this court must screen prisoner complaints and dismiss any complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted.  In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . .   It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Liberal construction of a pleading filed by a self-represented litigant does not, however, oblige this court to ferret through a complaint searching for viable claims. Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) requires that each averment of a pleading be "simple, concise, and direct."  Under Fed. R. Civ. P. 8, Jones must provide enough detail to illuminate the nature of the claim and allow defendants to respond. *See, e.g., Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Although district courts have a duty to construe self-represented pleadings liberally, plaintiff must nevertheless allege facts that state a cause of action.  *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

If a complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be," and imposes a burden on the court to sort out the factual basis of any claims fairly raised, dismissal under Rule 8 is appropriate.  *Holsey v. Collins*, 90 F.R.D. 122 (D.Md.1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir. 1988).  This court may dismiss a complaint that is "so confused,

ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised."
*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

## Discussion

The Prison Litigation Reform Act ("PLRA"),  42 U.S.C. § 1997e(a), requires exhaustion of administrative remedies before an action concerning prison conditions may be filed by a prisoner.  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674 (4th Cir. 2005).

Here, however, Jones does not argue that the failure to process his ARP grievances and requests for IIU investigation barred his access to the courts.[3]  Indeed, his grievances, which concerned a correctional officer who allegedly allowed prisoners to annoy Jones by allowing their use of unauthorized electronic games and prohibited Jones from providing grievance forms to other prisoners, are not the sort of claims that would entitle him to money damages or other relief in a judicial forum.

To the extent Jones alleges that defendants misinterpreted or misapplied Division of Correction regulations or directives regarding the processing of his ARP grievances or requests

---

[3] To the extent Jones's IIU request for investigation sought a criminal prosecution of others, he has no legally protected interest in achieving that goal.  The Supreme Court said in *Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D.D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, ____ U.S. ____, 133 S. Ct. 1263 (2013); *Speight v. Meehan*, Civ. No. 08-3235, 2008 WL 5188784, at *3 (E.D. Pa. Dec. 9, 2008).

for IIU investigation, his claim also fails. To the extent any written directives were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest. Thus, the failure to follow regulations does not, in and of itself, result in a violation of due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).[4]

Prisoners have a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). Although claims concerning legal mail require heightened scrutiny, isolated incidents of mishandling of mail do not state a claim. *See Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir.1990) (requiring a showing of improper motive or interference with access to courts); *Buie v. Jones,* 717 F. 2d 925, 926 (4th Cir. 1983) (isolated incident of mishandling does not show actionable pattern or practice). In order to demonstrate a violation, Jones must show that the prison officials' alleged interference with his mail was a regular and unjustifiable practice. *See Washington,* 782 F.2d at 1139; *Cancel v. Goord,* No. 00-CV-2042, 2001 WL 303713, at *7 (S.D.N.Y. Mar. 29, 2001); *Turley v. Britton,* 2007 WL 625983, 7 (N.D.N.Y. 2007). Jones claims that his February 12, 2014 ARP appeal, sent by mail, was not received. However, his IGO request for a hearing concerning the claims set out in his ARPs, sent via the mail, was apparently received and ultimately denied. This scenario does not reflect a regular practice of interference with his outgoing mail.

Jones suggests that prison officials interfered with his February 12, 2014 and June 26, 2014 IIU requests for investigation, sent via the mail, because his requests elicited no responses. He indicates that he did not receive postal service notification that his third request, sent via

---

[4] Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). As noted herein, under the facts in the complaint, Jones has no constitutional entitlement to ARP grievances or the convening of an IIU investigation.

certified mail, was received.  According to its website,[5] the Maryland Department of Public

Safety & Correctional Services' Internal Investigation Unit

> conducts criminal and administrative investigations of serious misconduct
> within the DPSCS.  In addition to conducting investigations within statutory
> authority, the agency is the Department's liaison with allied federal, state
> and local law enforcement agencies providing investigative services and
> support to their investigations.

The IIU is authorized to investigate (1) alleged criminal violations committed by DPSCS

employees while on duty; (2) alleged criminal violations committed by inmates, visitors and

others that affect the safety or security of the DPSCS's facilities or programs; and (2) alleged

professional misconduct by DPSCS employees.  *See* Md. Code, Corr. Serv. Art., § 10-

701(a)(3)(i).  Even if the court were to assume that all three mail items, including the item sent

by certified mail, reached the IIU office, the IIU is under no apparent authority to convene an

investigation requested by a prisoner alleging a correctional officer allowed prisoners to use a

playstation or denied a prisoner the opportunity to provide forms to other prisoners.  In other

words, even if the posting of the IIU requests were intercepted by corrections staff, such

misconduct did not result in actual injury to plaintiff.

Plaintiff's assertion that he has been denied adequate access to the prison grievance

process or internal investigation process must be dismissed.  A separate Order follows.


October 6, 2014                                              _____/s/_____
Date                                                         Ellen Lipton Hollander
                                                             United States District Judge

---

[5] *See* http://www.dpscs.state.md.us/agencies/iiu.shtml.